IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**VINCENT WILLIAMS**                                                                          **PETITIONER**

**V.**                                                    **CIVIL ACTION NO. 3:18CV498 HTW-LRA**

**WARDEN C. NASH**                                                                          **RESPONDENT**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Vincent Williams's petition for relief under 28 U.S.C. § 2241. Williams is incarcerated in the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi, and seeks to utilize the savings clause of 28 U.S.C. § 2255(e) to challenge his conviction and sentence. Because Williams fails to make the requisite showing to bring his claims within the savings clause of § 2255(e), the undersigned recommends that the petition be dismissed for lack of jurisdiction.

Williams was sentenced by the United States District Court for the Northern District of Georgia after being convicted of using and carrying a firearm in furtherance of the commission of a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. §§ 2, 1951(a), & 924(c)(1)(A).[1] Williams's conviction and sentence were affirmed on direct appeal by the Eleventh Circuit and his post-conviction § 2255 motions

---

[1] Williams was convicted of the counts with which he was charged in the indictment: Count Eleven (knowingly and intentionally obstructing, delaying, and affecting commerce by robbery and extortion, in violation of 18 U.S.C. §§ 2 and 1951(a)); Count Twelve (knowingly and intentionally possessing with intent to distribute five kilograms or more of cocaine, in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 851); and Count Thirteen (knowingly and intentionally using and carrying a handgun in furtherance of the commission of a crime of violence or a drug trafficking crime, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)). *Williams*, 203 F. App'x 976, 980.

were subsequently denied.  *See United States v. Williams*, 203 F. App'x 976 (11th Cir. 2006); *Williams v. United States*, 1:03-CR-155 CAP-ECS-4 (N.D. Ga. Mar. 5, 2008), ECF Nos. 1294, 1467.  He now seeks relief under § 2241 via the savings clause of 28 U.S.C. § 2255(e).

A federal prisoner may seek post-conviction relief under either § 2241 or § 2255, but the mechanisms are distinct.  *St. Junius v. Boyle*, 729 F. App'x 326 (5th Cir. 2018) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)).  A § 2255 petition is "the primary means of collaterally attacking a federal sentence," and is properly brought in the district of conviction, while a § 2241 petition "is used to challenge the manner in which a sentence is executed" and is properly brought in the district of incarceration.  *Robinson v. United States*, 812 F.3d 476 (5th Cir. 2016) (internal quotation marks and citation omitted).  However, if a prisoner can show that the § 2255 remedy would be "*inadequate or ineffective to test the legality of [the prisoner's] detention*," he may be permitted to bring a habeas corpus claim pursuant to § 2241 under the savings clause of 2255(e).  *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (emphasis in original) (citation omitted).  To invoke this exception, a petitioner must make a two-prong showing: (i) that his claim is "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense;" and, (ii) that his claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904.

2

Here, Williams appears to challenge only his § 924(c) conviction, which punishes "any person who, during and in relation to any crime of violence uses or carries a firearm. . . ." 18 U.S.C. § 924(c)(1)(A).  Subsection (3) of the statute defines the term "crime of violence" in two ways:

> (3)  [A]n offense that is a felony and—
>
>  (A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
>  (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  Generally, courts refer to Subsection (3)A as the "force" or "elements" clause, and Subsection (3)B as the "residual" clause.

Relying on the United States Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018), Williams argues that § 924(c)(3)(B)'s definition of "crime of violence" is unconstitutionally vague and that, therefore, his conviction for violating § 924(c) by knowingly and intentionally using and carrying a handgun in furtherance of the commission of a crime of violence or a drug trafficking crime cannot stand. *Dimaya* invalidated as unconstitutionally vague 18 U.S.C. § 16(b)'s definition of crime of violence as incorporated into the Immigration and Nationality Act, which includes a felony offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  At the time the instant petition was filed, the United States Supreme Court had yet to make a determination that the residual clause of § 924(c)(3)(B) was

3

unconstitutional in light of *Dimaya*.  However, the Court has since held that the residual clause was unconstitutionally vague.  *United States v. Davis*, ––– U.S. —, 139 S. Ct. 2319, 2336, 204 L.Ed.2d 757 (2019).  Still, as set forth below, *Davis* does not entitle Williams to relief because his § 924(c) conviction is predicated upon a crime of violence under § 924(c)(3)(A)'s force clause, not § 924(c)(3)(B)'s residual clause.

Williams was convicted of violating the Hobbs Act, which makes it illegal to in "any way or degree obstruct[], delay[] or affect[] commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose." 18 U.S.C. § 1951(a).  The Hobbs Act defines robbery, in relevant part, as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property."  18 U.S.C. § 1951(b)(1).  The Fifth Circuit has joined other circuits in holding that a Hobbs Act robbery is a crime of violence under § 924(c)(3)(A).  *United States v. Buck*, 847 F.3d 267, 274–75 (5th Cir. 2017) ("It was not error—plain or otherwise—for the district court to classify a Hobbs Act robbery as a crime of violence.").  *See also Lewis v. McConnell*, 783 F. App'x 442, 443 (5th Cir. 2019) ("§ 924(c) conviction, a Hobbs Act robbery offense, is categorically a crime of violence under the elements clause of § 924(c)(3)(A")*); United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017), *cert. granted, judgment vacated,* 138 S. Ct. 126, 199 L. Ed. 2d 1 (2017); *United States v. Hill*, 832 F.3d 135, 140 (2d Cir. 2016); *United States v. Robinson*, 844 F.3d 137, 140–41 (3d Cir. 2016); *In re Fleur*, 824 F.3d 1337, 1341

4

(11th Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016), *as amended* (June 24, 2016).

For these reasons, the undersigned submits that Williams's § 2255 petition should be denied because his § 924(c) conviction falls under § 924(c)(3)(A)'s definition of a crime of violence, which *United States v. Davis* did not invalidate. Even if the court were to conclude otherwise, Williams's conviction and mandatory sentencing for drug trafficking remains, as the government contends, unaffected by the United States Supreme Court's holding in *United States v. Dimaya*. *See United States v. Williams*, 1:03-CR-155 CAP-ECS-4 (N.D. Ga. Mar. 5, 2008), ECF Nos. 583, 1069. Because Williams cannot meet the requirements of the savings clause of § 2255(e), the undersigned recommends that his petition be dismissed for lack of jurisdiction.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on December 29, 2020.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
